

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES WILLIAM LANE, §
 §
 Petitioner, §
 §
v. § No. 4:13-CV-069-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, James William Lane, a state prisoner currently incarcerated in Livingston, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. No service has issued upon respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive.

I. FACTUAL AND PROCEDURAL HISTORY

The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Lane v. Johnson*,

Civil Action No. 4:00-CV-596-A. Petitioner is serving a 30-year sentence on his 1995 conviction for aggravated robbery causing bodily injury to an elderly person in the Criminal District Court Number Four of Tarrant County, Texas. Petitioner has filed two prior federal petitions pursuant to § 2254 in this court challenging the same state conviction. *See Lane v. Thaler*, Civil Action No. 4:12-CV-523-A (dismissed as a successive petition); *Lane v. Johnson*, Civil Action No. 4:00-CV-596-A (denied on the merits). The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Petitioner raises seven grounds in the instant petition, claiming trial court error, ineffective assistance, and actual

innocence. (Attach. to Pet. at 6-7) Petitioner's claims were or could have been raised in his first federal petition. Thus, as with his second § 2254 petition, this petition is successive on its face. Petitioner has been instructed that before he may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.[1] The court further ORDERS that petitioner's pending motion for an evidentiary hearing be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in

---

[1] Although petitioner did not pay the $5.00 filing fee or file an application to proceed in forma pauperis, a notice of deficiency was not issued because his petition is successive and barred under §2244(b).

3

the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED February 6, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE